**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|                        |   |                          |
|------------------------|---|--------------------------|
| **VALENE POWELL,**     | * |                          |
| Plaintiff,             | * |                          |
| v.                     | * | Case No.: PWG-18-535     |
| **WHEATON WIC CENTER,**| * |                          |
| Defendant.             | * |                          |

* * * * * * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

Plaintiff Valene Powell scheduled an appointment at the Wheaton WIC Center operated by CCI Health & Wellness Services ("CCI")[1] for January 18, 2018, with the understanding that CCI would provide an American Sign Language ("ASL") interpreter for her. Compl. 6, ECF No. 1.[2]

---

[1] Defendant Community Clinic, Inc., improperly identified in the Complaint as "Wheaton WIC Center," operates with the trade name CCI Health & Wellness Services and will be referred to in this Memorandum Opinion and Order as CCI. *See* Def.'s Mem. 1, ECF No. 22-1. The Clerk will update the docket to reflect Defendant's proper name.

> CCI is a nonprofit corporation providing health care related services to Montgomery and Prince George's County residents. Among the services provided by CCI is the administration of the Special Supplemental Nutrition Program for Women, Infants, and Children ("WIC") in Montgomery County. WIC provides federal grants to states for supplemental foods, health care referrals, and nutrition education for low-income pregnant, breastfeeding, and non-breastfeeding postpartum women, and to infants and children up to age five who are found to be at nutritional risk. Among the WIC sites operated by CCI is one in Wheaton, Maryland ("Wheaton WIC Center").

*Id.* at 2.

[2] For purposes of resolving Defendant's Motion to Dismiss, I accept Plaintiff's well-pleaded allegations as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

She arrived for her January 18, 2018 appointment, waited thirty minutes, and then was informed "no interpreter today," so she left. After that visit, CCI called Powell repeatedly over the course of several months, but she has refused to take their calls and states that she "won't call them back." *Id*. at 8; *see also* Pl.'s Aug. 28, 2018 Ltr., ECF No. 29 (stating that CCI persists in calling her). In this lawsuit, Powell alleges that CCI violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112–12117, by failing to provide an ASL interpreter for her. *Id.* at 7–9. As I best I can discern, she seeks monetary damages of $100,000; it is unclear whether she also seeks injunctive relief. *Id.* at 5.

Pending is CCI's Motion to Dismiss, ECF No. 22.[3] As CCI asserts, Title III of the ADA does not provide for monetary damages, and insofar as Powell may seek injunctive relief, she has not established that she has standing to bring a claim for injunctive relief, given that she refuses to communicate with CCI. Accordingly, I will grant CCI's Motion and dismiss this case.

## **Standard of Review**

CCI contends that Powell cannot state a claim for monetary damages and this Court lacks subject matter jurisdiction over Powell's claim for injunctive relief because Plaintiff lacks standing. Def.'s Mem. 1.[4] When a defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, asserting a facial challenge that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," as CCI does here, "the facts

---

[3] The parties fully briefed the motion. ECF Nos. 22-1, 26, 27. A hearing is not necessary. *See* Loc. R. 105.6.

[4] When a plaintiff does not have standing, her claim is not justiciable. *Flast v. Cohen*, 392 U.S. 83, 95 (1968); *Lansdowne on the Potomac Homeowners Ass'n, Inc. v. OpenBand at Lansdowne, LLC*, 713 F.3d 187, 198 (4th Cir. 2013). "Justiciability is an issue of subject-matter jurisdiction." *Hamilton v. Pallozzi*, 848 F.3d 614, 619 (4th Cir.), *cert. denied,* 138 S. Ct. 500 (2017).

alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as [s]he would receive under a 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (noting that, on a motion to dismiss, a plaintiff's pleading of the elements of standing are "presum[ed] [to] embrace those specific facts that are necessary to support the claim" (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990))).

Thus, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009); *see In re KBR, Inc., Burn Pit Litig.*, 925 F. Supp. 2d 752, 758 (D. Md. 2013) (quoting *Kerns*, 585 F.3d at 192). This Court must act "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (citations omitted). The burden is on the plaintiff to establish jurisdiction. *Sherill v. Mayor of Balt.*, 31 F. Supp. 3d 750, 763 (D. Md. 2014) (citing *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999)).

## Discussion

As noted, Powell brings an ADA claim for monetary damages and perhaps injunctive relief. Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182. CCI acknowledges that it falls within the purview of Title III of the ADA. Def.'s Mem. 7. Nevertheless, "it is well established that Title III does not create a private cause of action for money damages." *Bray v. Marriott Int'l*, 158 F. Supp. 3d 441, 444 (D. Md. 2016) (quoting *Estate of Saylor v. Regal Cinemas,*

3

*Inc.*, 54 F. Supp. 3d 409, 429–30 (D. Md. 2014) (citing *Goodwin v. C.N.J., Inc.,* 436 F.3d 44, 50 (1st Cir. 2006) (collecting cases))). Accordingly, Powell fails to state a claim against CCI for money damages under the ADA. *See id.*; *Saylor*, 54 F. Supp. 3d at 444.

Insofar as Powell seeks some form of injunctive relief, CCI contends that she lacks standing because the Court cannot redress her injuries. This Court may "adjudicate only actual cases and controversies." *Zaycer v. Sturm Foods, Inc.*, 896 F. Supp. 2d 399, 407 (D. Md. 2012) (citing U.S. Const. art. III, § 2; *O'Shea v. Littleton*, 414 U.S. 488, 493 (1974); *Bishop v. Bartlett*, 575 F.3d 419, 423 (4th Cir. 2009)). Standing, which addresses who may sue, is one facet of this "constraint of Article III." *See South Carolina v. United States*, --- F.3d ----, No. 18-1684, 2019 WL 124267, at *7 (4th Cir. Jan. 8, 2019) (quoting *Scoggins v. Lee's Crossing Homeowners Ass'n*, 718 F.3d 262, 269 (4th Cir. 2013)). A plaintiff has standing if

> (1) [the plaintiff] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Zaycer*, 896 F. Supp. 2d at 408 (quoting *Bishop,* 575 F.3d at 423); *see also Lujan*, 504 U.S. at 560–61 (same).

A plaintiff's allegations satisfy the redressability prong if it is "likely, and not merely speculative, that a favorable decision will remedy the injury." *Friends of the Earth, Inc. v. Gaston Cooper Recycling Corp.*, 204 F.3d 149, 154 (4th Cir. 2000). Powell claims that CCI violated the ADA by failing to provide an ASL interpreter for her on January 18, 2018. Compl. 7–9. CCI argues that, given that Powell said she "won't call them back," *id.* at 8, there is no remedy the Court can offer. As CCI correctly asserts, Def.'s Mem. 8:

> [W]hen a plaintiff requests injunctive relief, he "must allege and prove that there is a 'real and immediate threat' that he will be wronged again." *Daniels v. Arcade*, 477 Fed.Appx. 125, 129 (4th Cir. 2012) (citing *Bryant v. Cheney*, 924 F.2d 525, 529 (4th Cir. 1991)). This requirement means a plaintiff must "state a plausible allegation that there is a likelihood that he will suffer future harm," *Daniels*, 477 Fed.Appx. at 130, and that likelihood must be greater than a "mere possibility." *Nat'l All. for Accessibility, Inc. v. CMG Bethesda Owner LLC*, Civil No. JFM-12-1864, 2012 WL 6108244, at *4 (D. Md. Dec. 7, 2012). Prior injury constitutes probative "evidence bearing on whether there is a real and immediate threat of repeated injury." *Lyons*, 461 U.S. at 102. But prior injury itself is insufficient; the complaint must 1) "describe [plaintiff's] concrete, specific plans to return to the locus of the injury" and 2) "indicate that the plaintiff is likely to suffer the same injuries upon return." *Lujan*, 504 U.S. at 564*; see also Millbank Hotel Partners*, 2013 WL 653955, at *4.

*Nanni v. Aberdeen Marketplace, Inc.*, No. WMN-15-2570, 2016 WL 2347932, at *2 (D. Md. May 4, 2016) (footnote omitted), *vacated on other grounds,* 878 F.3d 447 (4th Cir. 2017);[5] *see also Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 454 (4th Cir. 2017) ("As further mandated by *Lujan*, because Nanni is seeking prospective declaratory and injunctive relief rather than damages, the allegations in the Complaint of past injuries 'do[ ] not in [themselves] show a present case or controversy ... if unaccompanied by any continuing, present adverse effects.'" (quoting *Lujan*, 504 U.S. at 564)), *cert. denied,* 138 S. Ct. 2657 (2018).

Powell asserts that she will not call CCI to schedule a new appointment with an ASL interpreter. Compl. 8. Notably, in a June 1, 2018 letter order, ECF No. 17, I gave Plaintiff the opportunity to amend her Complaint, but she stated in correspondence dated June 29, 2018 that she would not be amending her Complaint. ECF No. 19. And, in the various pieces of correspondence she has filed, she has not asserted that she will try to communicate with CCI again. *See* Pl.'s Corresp., ECF Nos. 16, 18–21, 24, 25, 28, 29. On the contrary, she actually complained that CCI has harassed her by calling too much and stated that she does not want CCI to contact her anymore. Pl.'s Aug. 28, 2018 Ltr., ECF No. 29. Thus, based on her well-pleaded allegations, she

---

[5] CCI quotes this passage from *Nanni*, albeit without attribution.

5

will not call CCI in the future. Consequently, she has not shown a basis for standing to bring a claim for injunctive relief. *See Nanni*, 878 F.3d at 454; *Nanni*, 2016 WL 2347932, at *2.

Further, while she disputes CCI's presentation of the facts concerning her January 18, 2018 visit, she does not dispute CCI's assertion that there is no injunctive relief the Court can offer. When a defendant's motion to dismiss a complaint states specific deficiencies that warrant dismissal, and presents supporting legal arguments, it is the plaintiff's obligation to respond substantively to address them. Powell's failure to respond to CCI's arguments constitutes abandonment of any claim for injunctive relief. *See Whittaker v. David's Beautiful People, Inc.*, No. DKC-14-2483, 2016 WL 429963, at *3 n.3 (D. Md. Feb. 4, 2016); *Sewell v. Strayer Univ.*, 956 F. Supp. 2d 658, 669 n.9 (D. Md. 2013); *Ferdinand–Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 & 783 (D. Md. 2010).

Moreover, any abandoned claims are subject to dismissal with prejudice. *Sewell v. Strayer Univ.*, No. DKC-12-2927, 2013 WL 6858867, at *4 (D. Md. Dec. 27, 2013) (stating that "retaliation claim was dismissed with prejudice . . . because she abandoned [the] claim by failing to address it in the reply brief"); *Farrish v. Navy Fed. Credit Union*, No. DKC-16-1429, 2017 WL 4418416, at *3 (D. Md. Oct. 5, 2017). Additionally, when a plaintiff has had the opportunity to amend in response to a defendant's identification of pleading deficiencies but still fails to state a claim, dismissal with prejudice is appropriate because another opportunity to amend would be futile. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013). Accordingly, dismissal of Powell's ADA claims with prejudice is appropriate. *See id.*

## **ORDER**

Accordingly, it is, this 11th day of February, 2019, hereby ORDERED that

1. Defendant's Motion to Dismiss, ECF No. 22, IS GRANTED;

2. Plaintiff's Complaint IS DISMISSED WITH PREJUDICE; and

3. The Clerk SHALL SEND a copy of this Memorandum Opinion and Order to Plaintiff and CLOSE this case.

/S/
Paul W. Grimm
United States District Judge

lyb